IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD L. POWERS, (M05859), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 7212 |
| | ) | |
| MICHAEL LEMKE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion for leave to proceed *in forma pauperis* [3], is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $20.60 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The complaint [1], is dismissed on initial review pursuant to 28 U.S.C. § 1915A. Plaintiff is assessed a strike. 28 U.S.C. § 1915(g). The clerk is requested to enter a Rule 58 Judgment in favor of Defendants against Plaintiff. Plaintiff's motion for attorney representation [4], and any other pending motions, are denied as moot. Civil Case Terminated.

## STATEMENT

Pro se Plaintiff Clifford L. Powers, a Stateville Correctional Center inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis* [3], complaint for an initial review pursuant to 28 U.S.C. § 1915A [1], and motion for attorney representation. [4].

Plaintiff's motion for leave to proceed *in forma pauperis* [3], is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $20.60. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is

paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

The Court is required to dismiss a suit brought *in forma pauperis* if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915A. The following facts, drawn from Plaintiff's complaint [1], are accepted as true and all reasonable inferences are made in the light most favorable to Plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the Defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, Plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [the Court] view it in the light most favorable to the Plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the Plaintiff's favor." *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 614 (7th Cir. 2011).

Plaintiff alleges that he was working as cook in the prison kitchen at Stateville on May 9, 2013. He was pushing three pans of hot chili in a food cart towards the food service line when the cart's wheel went into a hole in the floor. The hole was approximately four inches by six inches wide and three inches deep. The cart flipped over causing the hot chili to splash on Plaintiff's chest, stomach, legs and right arm. Plaintiff suffered burns from the chili.

Plaintiff's supervisor immediately took him to the sink and ran cold water over the effected areas. He was then taken to the medical unit where he received treatment for his burns including ointment, bandages, and medication. Over the next several days, Plaintiff experienced significant pain from the burns. He received continual follow up medical care including medication.

To establish a claim, plaintiff must show that he is incarcerated under conditions that deprive him of a "minimal civilized measure of life's necessities," and that Defendant was "deliberately indifferent to these conditions." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 654-55 (7th Cir. 2012) (citations omitted). Plaintiff cannot succeed on either prong.

Plaintiff cannot state a claim because he was not incarcerated in unconstitutional conditions. To meet the minimal civilized measure of life's necessities requirement, Plaintiff must plausibly suggest that he was exposed to "grave" condition that is so severe that "to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). An example of an unconstitutional condition in the correctional industry context is amputation of a hand from operating an obviously dangerous machine. *Christopher*, 384 F.3d at 882 (citing *Bagola v. Kindt*, 39 F.3d 779, 780 (7th Cir. 1994)) (per curiam). There is no constitutional violation when the inmate faces a condition that is no worse than what a comparable individual in the general public faces outside of prison. *Carroll v. DeTella*, 255 F.3d 470, 473 (7th Cir. 2001).

Plaintiff was injured in a routine workplace accident. Having chili spill on Plaintiff due to a cart running into a hole in the floor is not a condition so great as to offend contemporary standards of decency. Plaintiff should pursue this claim through the Illinois Court of Claims, not in this Court. *See Hammer v. Illinois*, 40 Ill. Ct. Cl. 173 (1987) (awarding relief to inmate cook who slipped on floor and was burned by water in prison kitchen). Finally, Plaintiff has no claim regarding his medical care as he concedes that he received appropriate and timely care for his injuries.

Plaintiff is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in that Court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of three prior strikes would result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859.

If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff

plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). Should plaintiff choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

ENTERED:

Dated: September 29, 2014

_____
VIRGINIA M. KENDALL
United States District Court Judge